UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES BENTON BAGWELL,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 1:16-cv-00264-BLW<br>1:05-cr-00174-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 2, Crim. Dkt. 23). For the reasons described below, the Court will deny the motion.

# BACKGROUND

Petitioner Charles Benton Bagwell pleaded guilty on August 29, 2005 to six counts in two cases. *See Plea Agreement*, Crim. Dkt. 4; *Minute Entry for Arraignment*, Crim. Dkt. 9. In this case, which was transferred from the Central District of California, Petitioner pleaded guilty to two counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d); brandishing a firearm during and in relation to a crime of violence, in violation of Title 18 U.S.C. § 924(c); and discharging a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). *See id*. In Case No. 1:05-cr-00132-BLW, Petitioner pleaded guilty to bank robbery conspiracy, in violation of 18 U.S.C. § 371 and

§§ 2113(a) and (d), and armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). *See id*. Petitioner was convicted on all six counts, and sentenced on January 27, 2006 to a term of imprisonment of forty years, with the sentence for both cases to run concurrently. *Judgment*, Crim. Dkt. 18*.* Petitioner argues that in light of *Johnson v. United States*, 135 S.Ct. 2251 (2015) ("*Johnson II*"), his convictions under 18 U.S.C. § 924(c) are illegal and unconstitutional. *Petitioner's Br.* at 4, Civ. Dkt 2, Crim. Dkt. 23.

## ANALYSIS

Under 18 U.S.C. § 924(c), a defendant is subject to "a mandatory consecutive term of imprisonment for using or carrying a firearm during and in relation to a crime of violence." *United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018). A "crime of violence" is defined as a felony that:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section (A) is satisfied if the predicate crime of conviction has as an element the use of "'violent' physical force - 'that is force capable of causing physical pain or injury.'" *Watson*, 881 F.3d at 784 ((quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*") and finding the standard applied therein to 18 U.S.C. § 924(e)(2)(B)(i) "applies equally to the similarly worded force clause of § 923(c)(3)(A).").

In *Watson*, the Ninth Circuit held that the force required to prove armed bank robbery in violation of 18 U.S.C. § 2113 meets the *Johnson I* standard for "violent force" and thus qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). *Id*. Thus, Petitioner's conviction in this case on two counts of armed bank robbery constitute predicate "crimes of violence" under the "force clause" of § 924(c)(3)(A). *See Watson*, 881 F.3d at 784, 786. Although Petitioner argues that the residual clause in § 924(c)(3)(B) is unconstitutional under the reasoning of *Johnson II*, he concedes that § 924(c)(3)(A) remains good law. Because Petitioner's argument that his predicate convictions for armed bank robbery do not qualify as "crimes of violence" under § 924(c)(3)(A) is foreclosed by *Watson*, Petitioner's motion fails on the merits, and the Court does not need to reach the issues raised by *Johnson II*. Accordingly,

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255 (Civ. Dkt. 2, Crim. Dkt. 23) is **DENIED**. The Court shall issue a separate judgment as required by Rule 58(a).

2. This case is **DISMISSED**.

DATED: May 23, 2018

B. Lynn Winmill
Chief U.S. District Court Judge